UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SPIRTAS COMPANY, d/b/a Spirtas Wrecking Company,<br><br>Plaintiff,<br><br>v<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>Defendant. | Case No.   2:19-cv-263 |

## COMPLAINT

Plaintiff, SPIRTAS COMPANY, d/b/a Spirtas Wrecking Company ("Spirtas"), through its counsel, David B. Goodman, Goodman Law Group Chicago, *of counsel*, complains against Defendant STARR INDEMNITY & LIABILITY COMPANY ("Starr"), as follows:

1. Spirtas brings this action to enforce its rights under Insurance Policy Number 1000025358171 issued to Controlled Demolition, Inc. (the "Policy").

2. Spirtas is named as an additional insured under the Policy in connection with Controlled Demolition, Inc.'s operations in the detonation of explosive charges in the performance of the Duke Energy Wabash Station Chimney (Phase 1) Project in Terre Haute, Indiana. *See* **Exhibit 1.**

3. Through its complaint, Spirtas seeks to recover damages arising from Starr's failure to meet its contractual obligations owed to Spirtas under the Policy as a consequence of Starr's refusal to defend and indemnify Spirtas in connection with a claim arising from Controlled Demolition, Inc.'s operations in the detonation of explosive charges in the

1

performance of the Duke Energy Wabash Station Chimney (Phase 1) Project in Terre Haute, Indiana.

4. Additionally, Spirtas seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the obligations owed to it by Starr pursuant to the terms of the Policy in connection with its ongoing defense expenses arising from Controlled Demolition, Inc.'s operations in the detonation of explosive charges in the performance of the Duke Energy Wabash Station Chimney (Phase 1) Project in Terre Haute, Indiana.

5. Finally, Spirtas seeks to recover damages arising from Starr's vexatious refusal to provide a defense to Spirtas pursuant to V.A.M.S. 375.420.

## The Parties

6. Spirtas is a Missouri corporation and is a citizen of the State of Missouri.

7. Starr is a Texas insurance corporation and is a citizen of the State of Texas.

8. The dispute arises from an occurrence giving rise to an insurance claim against Spirtas seeking in excess of $75,000, exclusive of interest and costs.

9. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000.

10. This Court has venue over this matter pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events and omissions giving rise to the claims that are the subject of this litigation occurred within this judicial district.

## The Occurrence

11. Spirtas was engaged to perform certain demolition services on behalf of Duke Energy at its Wabash River Station facility in Terre Haute, Indiana ("Wabash River"). The

demolition of Duke Energy Wabash River Station Chimney (Phase I) was included within the demolition services encompassed in the contract between Duke Energy and Spirtas.

12. Spirtas entered into a subcontract with Controlled Demolition, Inc. (the "Subcontract") for the operations involved in the detonation of explosives to lower Duke Energy Wabash River Station Chimney (Phase I) (the "Demolition Services").

13. The Subcontract is a written contract.

14. Pursuant to the terms of the Subcontract, Controlled Demolition, Inc. ("CDI") agreed in writing that Spirtas would be named as an additional insured on the Policy.

15. Under the terms of the Subcontract, CDI agreed that Spirtas would be an additional insured on the Policy "as respects legal actions or causes of action arising out of CDI's sole operations in its handling of explosives on this project."

16. Spirtas was named as an additional insured under the Policy in connection with the operations encompassed in the Subcontract as discussed in the Certificate of Insurance attached as Exhibit 1 to this Complaint.

17. On January 27, 2018, CDI detonated explosives at Wabash River in connection with the Demolition Services encompassed by the Subcontract.

18. Duke Energy asserted a claim against Spirtas based on to its contract for demolition services at Wabash River in connection with certain property damage that arose from the demolition of Duke Energy Wabash River Station Chimney (Phase I) (the "Duke Claim").

19. In the Duke Claim, Duke Energy has alleged that acts or omissions in the performance of the Demolition Services by CDI, undertaken pursuant to the Subcontract, caused or contributed to cause the property damage for which it seeks recovery against Spirtas.

**The Insurance Policy**

20. CDI is an "Insured" under the Policy for the policy period encompassing the occurrence giving rise to the Duke Claim.

21. Under the terms of the Policy, the definition of "Who Is An Insured" was amended to include as an additional insured under the Policy any person or organization for which CDI was performing operations in circumstances in which CDI and that third party agreed in a written contract or agreement that the third party for which it was performing services.

22. Pursuant to the terms of the Policy, Spirtas is an additional insured under the Policy with respect to liability for property damage caused in whole or in part by CDI's acts or operations or the acts or omissions of those acting on its behalf in the performance of its ongoing operations for Spirtas.

**Count I – Breach of Contract**

23. Spirtas repeats and realleges the allegations of paragraphs 1 through 22 as the allegations of this paragraph 23.

24. The Duke Claim asserts a cause of action for property damage arising in whole or in part from CDI's acts or omissions arising out of its operations in the handling of explosives in its performance of the Demolition Services.

25. Under the Policy, there is a primary coverage for property damage of $1,900,000 per occurrence with excess liability coverage of $100,000 per occurrence.

26. Pursuant to the terms of the Policy, Starr is obligated to defend and indemnify Spirtas as an additional insured for claims for loss arising out of an occurrence or assumed by CDI under contract property damage within the coverage of the Policy.

27. The Duke Claim is a claim for loss for property damage within the coverage of the Policy.

28. Spirtas timely tendered the Duke Claim to Starr through Starr's designated adjuster York Risk Service Group Inc. ("York").

29. York, acting as Starr's designated agent, denied Spirtas' tender of the Duke Claim (the Denial). *See* **Exhibit 2**. York denied that Spirtas qualified as an additional insured under the Policy in the context of the Duke Claim contending that "York did not see any negligence against CDI for the Damage to the Duke Wabash Plant Property." *See* Ex. 2.

30. Starr breached its obligations to Spirtas arising from the Duke Claim through its denial of Spirtas' tender of the Duke Claim.

31. Through the Duke Claim, Duke Energy has demanded payment of in excess of $600,000 from Spirtas.

32. Spirtas has met its obligations under the terms of the Policy in connection with the Duke Claim.

33. Spirtas has sustained damages arising from the Duke Claim including but not limited to attorney's fees in responding to the Duke Claim and in the perfection of Spirtas rights under the Policy.

WHEREFORE, Plaintiff, Spirtas, asks for judgment in its favor and against Defendant Starr for the damages that it proves at trial and for such other relief as this Court deems just.

## COUNT II – Declaratory Relief

34. Spirtas repeats and realleges the allegations of paragraphs 1 through 33 as the allegations of this paragraph 34.

35. A justiciable controversy exists between Spirtas and Starr with respect to Starr's obligations to Spirtas under the Policy in connection with the Duke Claim including concerning Starr's duty to defend and indemnify Spirtas in connection with the Duke Claim.

WHEREFORE, Spirtas asks this Court for judgment in its favor and against Starr finding that Starr has an obligation to defend and a duty to indemnify Spirtas for any loss and expenses arising from or incurred in connection with the Duke Claim and for such other relief as this Court deems just.

## COUNT III – Vexatious Refusal To Pay Claim

36. Spirtas repeats and realleges the allegations of paragraphs 1 through 33 as the allegations of this paragraph 36.

37. The facts asserted by Duke, and developed through the investigation that Duke undertook to determine the root cause of the occurrence at issue in the Duke Claim, establish at a minimum that the occurrence was at least potentially caused by CDI's acts or omissions.

38. Information that has been provided to York in its capacity as Starr's agent, including information provided to York by National Claims Services, Inc., demonstrating that CDI's acts or omissions were potentially a cause or contributed to cause the occurrence at issue in the Duke Claim.

39. Yet, Starr, through its agent, York, denied that Spirtas was even potentially an additional insured asserting that it did not "see any negligence against CDI."

40. Starr's denial of the Duke Claim is without reasonable cause or excuse.

41. Starr's denial of the Duke Claim violates V.A.M.S. 375.420 as it is a denial of the claim without reasonable cause or excuse.

WHEREFORE, Spirtas asks that a jury award it damages not in excess of twenty person of the first fifteen hundred dollars of loss established at trial, ten percent of the amount of loss in excess of fifteen hundred dollars established at trial, and award Spirtas the reasonable attorney's fees incurred by it in enforcing its rights under the Policy, as well as such other relief as this Court deems just.

        Respectfully submitted,

        SPIRTAS COMPANY, d/b/a Spirtas Wrecking Company


        By:   /s/   David B. Goodman
                Its Attorney

David B. Goodman
Illinois ARDC No. 6201242
Goodman Law Group | Chicago
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(312) 626-1888
dg@glgchicago.com